UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| JENNIFER MANNING, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: ) |
| HOUCHENS INDUSTRIES, INC. d/b/a, BUEHLER'S BUY LOW, | ) 3:09-cv-173RLY-WGH ) ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. Nature of the Case

1. COMES NOW, the Plaintiff, Jennifer Manning ("Manning"), by counsel, and brings this Complaint against Houchens Industries, Inc. ("Defendant"), for violating the Fair Labor Standards Act, as amended, 29 U.S.C. §201 et seq. and Family and Medical Leave Act of 1993 ("FMLA"), as amended, 29 U.S.C. §2601 et seq.

### II. Parties

2. Manning has resided in Gibson County, Indiana within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

3. Defendant is a corporation that has maintained offices and conducted business within the geographic boundaries of the Southern District of Indiana at all times relevant to this action.

### III. Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 216(b) and 29 U.S.C. §2617(a)(2).

5. Defendant is an "employer" as that term is defined by 29 U.S.C. § 203(d) and 29 U.S.C. §2611(4).

6. Manning, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

7. Manning, at all times relevant, was an "employee" as that term is defined by 29 U.S.C. § 203(e)(1).

8. A substantial portion of the events, transactions, and occurrences concerning this case have arisen in the geographical environs of the Southern District of Indiana, thus venue is proper in this Court.

## IV. Factual Allegations

9. Manning was hired by Defendant on or about February 14, 2002. Manning was the Floral Department Manager at Defendant's Princeton, Indiana location.

10. At all times relevant, Manning met or exceeded Defendant's legitimate performance expectations.

11. Manning was classified as a non-exempt employee under the FLSA and was eligible to be paid overtime for hours that she worked in excess of forty (40) per work week.

12. In or about August 2008, Manning suspected that she and others were not properly being paid. Specifically, Manning suspected that she was not being paid for all of the overtime hours that she was working. Manning filed a complaint with the Indiana Department of Labor regarding her concerns and remained in contact with them.

13. In or about June 2009, Jeff Brown, the Meat Manager at Defendant's Princeton,

Indiana Store, told Manning that he had worked fifteen (15) hours of overtime, but had not gotten paid for it. Having experienced similar issues, Manning suggested to Brown that they call Human Resources regarding the issue to file a complaint.

14. The following day, Jane Pearsohn, a member of Defendant's Human Resources Department, came to the Princeton, Indiana store to interview Brown and Manning regarding their complaint. During Pearsohn's interview of Manning, Manning disclosed that she had contacted the Indiana Department of Labor regarding not being paid for all of the hours that she had worked.

15. The investigation revealed that Bruce Wheatley, the Store Manager, had been paying certain employees for less than the number of hours the employee had worked by changing their time in Defendant's record keeping system.

16. There were approximately twenty-two employees, including Manning, affected by Wheatley's unlawful actions. On or about June 19, 2009, Defendant ultimately offered the affected employees compensation for Wheatley's actions in exchange for a release of claims.

17. As a result of this incident, Wheatley was transferred to the Mount Carmel store and demoted to Assistant Store Manager.

18. Shortly after his demotion, Wheatley began representing to others that he was demoted because he was unable to meet his profit margins because of Manning and Brown.

19. When Manning learned of Wheatley's comments, she complained to Sharon Grooms, a member of Human Resources for the Defendant, that Wheatley was spreading lies about what had happened. Grooms replied that she could not control what people said and reminded Manning that Manning was the one who had complained to the Department of Labor.

20. Wheatley was replaced with Jeris Bayles. Upon becoming Store Manager, Bayles immediately began subjecting Manning to heightened scrutiny.

21. During the first week of August, Manning informed Bayles that she needed to take a six week leave of absence under the FMLA beginning on September 22, 2009 to have surgery for her carpal tunnel syndrome.

22. Days later, on August 14, 2009, Bayles issued Manning an Employee Warning Notice for allegedly using her cell phone in the workplace and taking products from the shelf for her personal use.

23. Manning used her cell phone on one occasion at the workplace to accept a phone call from her physician regarding the results of her bloodwork and the need to get medication for her condition. Manning had undergone testing in anticipation of her upcoming _____ surgery. Manning explained to Bayles the purpose of her call.

24. Manning did not take magazines from the shelf for her personal use. During her seven years as Floral Manager, Manning had been encouraged to pull magazines from the shelf to review them for trends and design ideas. Manning had pulled the magazines in questions for this work-related purpose. Bayles, nor anyone else at Defendant, informed Manning of any change in custom or protocol regarding researching trends and cultivating design ideas.

25. Then, on September 11, 2009, Bayles terminated Manning's employment purportedly for insubordination. Bayles claimed that he had three written complaints against Manning.

26. Defendant's reasons for terminating Manning's employment are pretext for its

-4-

retaliation against Manning for complaining about her unpaid overtime wages and to interfere with Manning's exercise of her rights under the FMLA.

27. Similarly situated individuals who had not filed a complaint regarding a potential violation of the FLSA and/or had not exercised their rights under the FMLA were treated more favorably in similar circumstances.

## V. Legal Allegations

### COUNT I: VIOLATION OF THE FLSA - RETALIATION

28  Manning hereby incorporates by reference paragraphs one (1) through twenty-seven (27) of her Complaint.

29. Defendant retaliated against Manning by terminating her employment or otherwise discriminating against her for filing a complaint about potential violations of the FLSA.

30. Defendant's actions violated the Fair Labor Standards Act, 29 U.S.C. §201 et seq.

31. Defendant's actions were intentional, malicious, and done with reckless disregard for Manning's legally protected rights.

32. Manning has suffered damages as a result of Defendant's conduct.

### COUNT II: VIOLATION OF THE FMLA - INTERFERENCE

33. Manning hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint.

34. Defendant unlawfully interfered with Manning's substantive right to take leave under the FMLA.

35. Defendant's actions were intentional, willful and in reckless disregard for Manning's rights as protected by the FMLA.

36. Manning has suffered damages as a result of Defendant's unlawful actions.

### COUNT III: VIOLATION OF THE FMLA - RETALIATION

37. Manning hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

38. Defendant unlawfully retaliated against Manning for the exercise of her rights under the FMLA.

39. Defendant's actions were intentional, willful and in reckless disregard of Manning' rights as protected by the FMLA.

40. Manning has suffered damages as a result of Defendant's unlawful actions.

### VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jennifer Manning, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the FLSA;

5. Punitive damages for Defendant's violations of the FLSA;

6. Liquidated damages for Defendant's violations of the FMLA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By: _____
Andrew Dutkanych III, Attorney No. 23551-49
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1002
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
*Attorneys for Plaintiff, Jennifer Manning*

## DEMAND FOR JURY TRIAL

Plaintiff, Jennifer Manning, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By: _____
Andrew Dutkanych III, Attorney No. 23551-49
411 Main Street
Evansville, Indiana 47708
Telephone:   (812) 424-1002
Facsimile:    (812) 424-1005
Email:          ad@bdlegal.com
*Attorneys for Plaintiff, Jennifer Manning*