UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

JENNIFER MANNING,       )
         Plaintiff,     )
                     )
v.                    )  CASE NO.:  3:09-cv-173 RLY-WGH
                     )
HOUCHENS INDUSTRIES,    )
INC. d/b/a BUEHLER'S      )
BUY LOW,              )
         Defendant.    )

**DEFENDANT'S, HOUCHENS INDUSTRIES, INC.,
ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES**

Comes now defendant, Houchens Industries, Inc., by counsel, Rudolph, Fine, Porter &

Johnson, LLP, and for its Answer to Plaintiff's Complaint states as follows:

**ANSWER**

**I.  Nature of the Case**

1.  Defendant is without sufficient information to either admit or deny, and therefore denies

the allegations contained in paragraph one (1) of plaintiff's Complaint.

**II.  Parties**

2.  Defendant admits the allegations contained in paragraph two (2) of plaintiff's Complaint.

3.  Defendant admits the allegations contained in paragraph three (3) of plaintiff's

Complaint.

**III. Jurisdiction and Venue**

4.  Defendant is without sufficient information to either admit or deny, and therefore denies

the allegations contained in paragraph four (4) of plaintiff's Complaint.

5.  Defendant admits the allegations contained in paragraph five (5) of plaintiff's Complaint.

6. Defendant admits the allegations contained in paragraph six (6) of plaintiff's Complaint.

7. Defendant admits the allegations contained in paragraph seven (7) of plaintiff's Complaint.

8. Defendant admits the allegations contained in paragraph eight (8) of plaintiff's Complaint.

### IV. Factual Allegations

9. Defendant admits that Plaintiff was the Floral Department Manager at Defendant's Princeton, Indiana location, but denies that she was hired by Defendant on or about February 14, 2002.  Defendant denies any remaining allegations contained in paragraph nine (9) of Plaintiff's Complaint

10. Defendant denies the allegations contained in paragraph ten (10) of plaintiff's Complaint.

11. Defendant admits the allegations contained in paragraph eleven (11) of plaintiff's Complaint.

12. Defendant is without sufficient information to either admit or deny, and therefore denies the allegations contained in paragraph twelve (12) of plaintiff's Complaint.

13. Defendant is without sufficient information to either admit or deny, and therefore denies the allegations contained in paragraph thirteen (13) of plaintiff's Complaint.

14. Defendant admits the allegations contained in paragraph fourteen (14) of plaintiff's Complaint.

15. Defendant admits the allegations contained in paragraph fifteen (15) of plaintiff's Complaint.

16. Defendant admits the allegations contained in paragraph sixteen (16) of plaintiff's Complaint.

17. Defendant admits the allegations contained in paragraph seventeen (17) of plaintiff's Complaint.

18. Defendant is without sufficient information to either admit or deny, and therefore denies the allegations contained in paragraph eighteen (18) of plaintiff's Complaint.

19. Defendant admits Plaintiff called Sharon Grooms on June 25, 2009, and complained that Bruce Wheatley and his wife were telling people in the stores and at church that Jeff Brown and Plaintiff got Bruce kicked out.  Defendant denies all remaining allegations contained in paragraph nineteen (19) of Plaintiff's Complaint.

20. Defendant admits Wheatley was replaced by Jeris Bayles.  Defendant denies all remaining allegations contained in paragraph twenty (20) of Plaintiff's Complaint.

21. Defendant denies the allegations contained in paragraph twenty-one (21) of plaintiff's Complaint.

22. Defendant admits the allegations contained in paragraph twenty-two (22) of plaintiff's Complaint.

23. Defendant admits Plaintiff used her cell phone at the workplace in violation of company policy.  Defendant denies all remaining allegations contained in paragraph twenty-three (23) of Plaintiff's Complaint.

24. Defendant denies the allegations contained in paragraph twenty-four (24) of plaintiff's Complaint.

25. Defendant admits Manning was terminated on September 11, 2009, for taking products from the shelf without paying for them and for insubordination.  Defendant also admits Bayles had three written complaints against Manning.  Defendant denies any other allegations contained in paragraph twenty-five (25) of plaintiff's Complaint.

26. Defendant denies the allegations contained in paragraph twenty-six (26) of plaintiff's Complaint.

27. Defendant denies the allegations contained in paragraph twenty-seven (27) of plaintiff's Complaint.

## V.  Legal Allegations

### COUNT I: VIOLATION OF THE FLSA – RETALIATION

28. Defendant incorporates its answers to paragraphs 1 through 27 of its Answer as if the same were set forth at length herein.

29. Defendant denies the allegations contained in paragraph twenty-nine (29) of plaintiff's Complaint.

30. Defendant denies the allegations contained in paragraph thirty (30) of plaintiff's Complaint.

31. Defendant denies the allegations contained in paragraph thirty-one (31) of plaintiff's Complaint.

32. Defendant denies the allegations contained in paragraph thirty-two (32) of plaintiff's Complaint.

### COUNT II: VIOLATION OF THE FMLA – INTERFERENCE

33. Defendant incorporates its answers to paragraphs 1 through 32 of its Answer as if the same were set forth at length herein.

34. Defendant denies the allegations contained in paragraph thirty-four (34) of plaintiff's Complaint.

35. Defendant denies the allegations contained in paragraph thirty-five (35) of plaintiff's Complaint.

36. Defendant denies the allegations contained in paragraph thirty-six (36) of plaintiff's

Complaint.

### COUNT III:  VIOLATION OF THE FMLA – RETALIATION

37. Defendant incorporates its answers to paragraphs 1 through 36 of its Answer as if the

same were set forth at length herein.

38. Defendant denies the allegations contained in paragraph thirty-eight (38) of plaintiff's

Complaint.

39. Defendant denies the allegations contained in paragraph thirty-nine (39) of plaintiff's

Complaint.

40. Defendant denies the allegations contained in paragraph forty (40) of plaintiff's

Complaint.

WHEREFORE the defendant, Houchens Industries, Inc., respectfully requests the Court to

enter judgment in favor of defendant and against the plaintiff on plaintiff's Complaint; and, for

all other just and proper relief in the premises.


s/  *Keith A. Sermersheim, Esq.*
Keith A. Sermersheim, Esq.
Attorney Number 18150-19
RUDOLPH, FINE, PORTER & JOHNSON, L.L.P.
221 N. W. Fifth Street, P. O. Box 1507
Evansville, Indiana 47708
Telephone:      (812) 422-9444
Facsimile:      (812) 421-7459
E-Mail:          kas@rfpj.com
Attorneys for Defendant, Houchens Industries, Inc.

**AFFIRMATIVE DEFENSES**

Comes now the defendant, Houchens Industries, Inc., by counsel, Rudolph, Fine, Porter & Johnson, LLP and for its affirmative defenses states as follows:

1. The plaintiff failed to mitigate her damages, if any.

2. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred by the doctrines of waiver, estoppels, laches, and unclean hands.

4. Defendant's actions with respect to the Plaintiff were taken for legitimate, non-discriminatory and non-retaliatory reasons.

5. At all times relevant, Defendant's conduct was in good faith and not in willful or reckless violation of any statute or regulation.

6. Plaintiff failed to provide proper notice to Defendant regarding any alleged serious health condition which qualified for Family and Medical Leave.

7. Plaintiff cannot establish any facts or elements necessary to recover punitive damages.

8. Plaintiff will be unable to satisfy her burden of establishing intentional, willful or reckless misconduct by defendant.

9. The Defendant reserves the right to assert additional affirmative defenses as they become known through discovery.

WHEREFORE the defendant, Houchens Industries, Inc., respectfully requests the Court to enter judgment in favor of defendant and against the plaintiff on plaintiff's Complaint; and, for all other just and proper relief in the premises.

*s/  Keith A. Sermersheim, Esq.*
Keith A. Sermersheim, Esq.
Attorney Number 18150-19
RUDOLPH, FINE, PORTER & JOHNSON, L.L.P.
221 N. W. Fifth Street, P. O. Box 1507
Evansville, Indiana 47708
Telephone:     (812) 422-9444
Facsimile:     (812) 421-7459
E-Mail:          kas@rfpj.com
Attorneys for Defendant, Houchens Industries, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of January, 2010, a copy of the forgoing **Answer and Affirmative Defenses** was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's CM/ECF system:

Andrew Dutkanych III, Esq.
BIESECKER & DUTKANYCH, LLC
ad@bdlegal.com

Christopher S. Wolcott
BIESECKER & DUTKANYCH, LLC
cwolcott@bdlegal.com

*s/  Keith A. Sermersheim, Esq.*
Keith A. Sermersheim, Esq.